**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-51346
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTHA ALICIA RUBIO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-639-ALL-DB
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Martha Alicia Rubio appeals her jury-trial convictions for importation of and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841, 952, and 960. Rubio argues that the evidence presented at trial was insufficient to prove beyond a reasonable doubt that she knew that marijuana was hidden in the furniture that she was transporting in her vehicle. She contends that the evidence was, at best, in equipoise.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although the jury may ordinarily infer the defendant's guilty knowledge from his control over a drug-laden vehicle, if the drugs are contained in a hidden compartment, as in this case, this court requires additional circumstantial evidence that demonstrates guilty knowledge. United States v. Villarreal, 324 F.3d 319, 324 (5th Cir. 2003).

Rubio exhibited nervous behavior during the canine search of her vehicle. Based on the actions of Rubio in this regard, the jury could have reasonably inferred that Rubio was nervous concerning the discovery of marijuana in the furniture. See United States v. Ortega Reyna, 148 F.3d 540, 544 (5th Cir. 1998). Rubio's statements to the federal agents were inconsistent with the evidence presented at trial. Inconsistent statements also provide evidence of guilty knowledge. United States v. Diaz-Carreon, 915 F.2d 951, 954-55 (5th Cir. 1990). Finally, the amount and value of the marijuana discovered in the furniture in her possession supports the jury's finding of guilty knowledge. The jury could have rationally inferred that Rubio would not be entrusted with such valuable cargo is she had not been a knowing participant in a drug-smuggling scheme. Villarreal, 324 F.3d at 324.

The evidence presented at trial was sufficient to allow a rational jury to find that Rubio had knowledge of the marijuana in her possession. Ortega Reyna, 148 F.3d at 543. Accordingly, Rubio's convictions are AFFIRMED.